PEARSON v. The TANGIER. See Cases Nos. 12.265–12,267.

PEARSON (SPURR v.). See Case No. 13,268.

## Case No. 10,880.

### In re PEASE et al.

[6 N. B. R. 173.] [1]

District Court, D. Massachusetts. Dec. 5, 1871.

#### BANKRUPTCY—STAYING PROCEEDINGS.

There is nothing illegal in endeavoring to produce all the claims against the estate of a bankrupt for the purpose of staying the bankruptcy proceedings altogether; failing in this, the purchaser should nevertheless be allowed to prove the claims purchased as though he were an original creditor.

In bankruptcy.

LOWELL, District Judge. The register has certified to me, by consent of parties, the question whether a claim offered for proof in the name of Clark & Smith, ought to be admitted. The case will decide many others pending in the same bankruptcy proceedings. After the petition in bankruptcy was filed, the father-in-law of one of the bankrupt firm, undertook to buy up all the debts in order to settle the case out of court and save the "name and disgrace" of bankruptcy. Failing in this, the case proceeded and the debt now offered for proof is one of those which had been bought. The original creditors made the deposition after the assignment was agreed on, and at the time it was completed, and handed it to the purchaser, together with an order for the dividends; and it is in the interest of the purchaser that it is now offered for proof. The form adopted is that which was usual in Massachusetts, when the insolvent law was in operation in that state.

In the absence of agreement by the opposing creditor, I suppose his objection to be, either that no such assignment can lawfully be made after the bankruptcy, or that this debt was procured for the purpose of influencing the proceedings. In Re Murdock [Case No. 9,939], I gave my views upon the first point, and I have seen no reason to change them. In my opinion an assignee of a chose in action can prove it, and for the reasons there stated. It is more regular and the true mode of proving, that the holder should himself make the affidavit; else the statement that the claim was not procured etc.. becomes merely illusory, for it is not made by the party who has bought the claim, and might be entirely true in respect to the affiant, and false as to the real party in interest.

The other question is one of fact mainly; that is, whether the debt was bought for the purpose of influencing the proceedings. There is no evidence that it was, but abundant evidence that it was not bought for that

[1] [Reprinted by permission.]

purpose. It was bought for the purpose of staying the proceedings altogether if all could be bought, but there is nothing either illegal or immoral in this.

The debt is admitted to proof.